IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC HOUSTON, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 4:CV-14-1853 |
| JOHN MCCULLAH, ET AL., | : (Judge Brann) |
| Defendants | : |

## **MEMORANDUM**

May 21, 2015

**Background**

This pro se civil rights action was iled in the United States District Court for the Northern District of Florida by Eric Houston, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). The matter was subsequently transferred to this Court. Named as Defendants are USP-Lewisburg Inmate John McCullah; Attorney Mark Fleming; and two USP-Lewisburg employees, Physician's Assistant Francis Fasciana and Nurse Heather.

By Order dated April 9, 2015, dismissal was granted in favor of Defendants Inmate McCullah and Attorney Fleming, and with respect to the Plaintiff's claims under the Americans with Disabilities Act (ADA). See Doc. 22. In addition, Plaintiff was afforded an opportunity to file and serve an amended complaint solely regarding his claims against Remaining Defendants Fasciana and Heather. The Order clearly

advised Houston that his amended complaint must comply with Federal Rule of Civil Procedure 8(e)[1] and not exceed twenty (20) pages in length. The Order specifically forewarned Houston that failure to timely submit a proper amended complaint or otherwise respond to the Order would result in dismissal of his action for failure to prosecute.

**Discussion**

On April 29, 2015, Plaintiff filed what appears to be a proposed amended complaint. See Doc. 23. It is initially noted that Houston has again submitted a rambling at times illegible narrative. The proposed amended complaint, at least in part, to be seeking relief pursuant to the Federal Tort Claims Act (FTCA). However, the only proper defendant in an FTCA action is the United States of America which is not listed as being a defendant in Houston's proposed amended complaint. The amended complaint also contains no indication that Plaintiff filed and exhausted an administrative tort claim.

Second, Houston's amended complaint next raises vague claims of mail

---

[1] Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader.
  Pro se parties are accorded substantial deference and liberality in federal court. Haines v. Kerner, 404 U.S. 519, 520 (1972). They are not, however, free to ignore the Federal Rules of Civil Procedure.

interference and destruction, however, there are no factual assertions set forth which could support a mail interference claim against Remaining Defendants Fasciana and Heather, who are both employed in the prison's Medical Department.  The factually unsupported assertions are likewise insufficient to set forth a discernible FTCA claim.

Next, the Amended Complaint describes PA Fasciana and Nurse Heather as being "(most wanted) cyber terrorist listed defendants." [2]  Doc. 23, ¶ IV(1).  Houston makes a vague contention that he has suffered "spine injury," "right leg damaged nerves," and "weight loss" but he sets forth no facts connecting those purported injuries to either of the Remaining Defendants.[3]  Id. at p. 5.  There are also facts alleged showing that either of the Remaining Defendants violated the delayed or failed to provide him with needed medical care in violation of the Eighth Amendment or that the inmate was provided with negligent treatment as contemplated under the FTCA.

There is also a passing reference that the two Remaining Defendants are employees of the Public Health Service.  See id.  In Cuoco v. Moritsugu, 222 F.3d 99, 107 (2nd Cir. 2000), the United States Court of Appeals for the Second Circuit concluded that under 42 U.S.C. § 233(a), members of the Public Health Service were

---

[2] Nurse Heather's last name is not provided.

[3] The Original Complaint indicated that Inmate McCullah was diagnosed as suffering from tuberculosis and appeared to contend that the was somehow placed at risk of contracting that disease by the Defendants..

absolutely immune from suit in a federal civil rights action if the injury for which compensation is sought resulted from the performance of a medical or related function while acting within the scope of their office or employment.[4]   Since it appears that the Remaining Defendants may be commissioned members of the Public Health Service, any attempt by Plaintiff to establish civil rights liability against them with respect to the allegations that they failed to provide him with adequate care cannot proceed.

If a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice.  See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis).  In a similar case, the United States Court of Appeals for the Third Circuit recognized that a district court "has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)" when a litigant fails to comply with a court order directing him to

---

[4]   Section 233(a) adds that an FTCA claim is the exclusive remedy for the performance of medically related functions by employees of the Public Health Services.

file an amended complaint.  See Azubuko v. Bell National Organization, 243 Fed. Appx. 728, 729 (3d Cir. 2007).

The Third Circuit in Poulis set forth six (6) factors which must be considered in determining whether to dismiss an action with prejudice for failure to prosecute:  (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was willful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense.  See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994).

Adequate grounds have been established for the extreme sanction of dismissal.[5] Even under the most generous treatment given to Plaintiff's original and amended complaints, those submissions simply fail to provide fair notice as to the nature of Plaintiff's claims as required under Rule 8.   Houston was granted opportunity to submit an amended complaint and was directed that his amended complaint  must contain some factual specificity, i.e.  describe the conduct which violated his rights,

---

[5] Although Azubuko, 243 Fed. Appx. at 729, recognizes a "balancing under Poulis is unnecessary" in cases such as the present matter where a litigant's conduct makes adjudication of the case impossible, other Third Circuit decisions indicate that the Poulis analysis should be undertaken.  See Hernandez v. Palakovich, 293 Fed. Appx. 890, 894 (3d Cir. 2008) (Poulis factors must be considered before dismissing a case as a sanction for failure to follow a court order).

the time and the place of that conduct, and the identity of the responsible officials. However, as has been the case in other actions filed by Houston, he disregarded the Court's directive and again filed a vague, illegible at times narrative which sets no facts which could support a claim under either the Eighth Amendment or the FTCA. As a result, a finding of dilatoriness and willful conduct is warranted. Other sanctions are simply not a viable alternative because this matter simply cannot proceed without the filing of an adequate amended complaint.

Based upon the present circumstances, dismissal of Houston's action without prejudice for failure to prosecute is warranted under the standards announced in Azubuko and Poulis.  An appropriate Order will enter.


    s/ Matthew W. Brann
Matthew W. Brann
United States District Judge